# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: March 21, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BRANISLAV GRUJIC, | * | |
| | * | |
| Petitioner, | * | No. 20-820v |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Robert Krakow*, Law Office of Robert J. Krakow, PC, New York, NY, for petitioner.
*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 7, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Petitioner's ("Pet'r") Interim Fees Motion ("Int. Mot.") (ECF No. 119). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award $235,431.99 in interim attorneys' fees and costs.

## I. Procedural History

On July 6, 2020, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleges that, as a result of the measles-mumps-rubella ("MMR") vaccine he received on September 23, 2019, he suffered

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted https://www.govinfo.gov/app/collection/uscourts/national/cofc**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

"transverse myelitis and myelitis, manifesting as spastic paraparesis, paresthesias, sensory loss, bladder control impairment gait impairment, incontinence, sensory deficit, erectile dysfunction, and other vaccine-caused injuries, conditions, and symptoms." Petition at Preamble.

Petitioner filed supporting medical records, and the case was reassigned to my docket on August 12, 2020. *See* Pet'r Ex. 1-19 (ECF Nos. 6, 7); Pet'r Ex. 21-23 (ECF Nos. 11, 13, 14); Activation and Reassignment Order (ECF No. 18). On March 29, 2021, petitioner filed an expert report from neuroradiologist, Alyssa Wantanabe, M.D. and an expert report from neurologist, Justin Willer, M.D. on September 3, 2021. Pet'r Ex 38 (ECF No. 44); Pet'r Ex. 59 (ECF No. 51). Thereafter, respondent filed responsive expert reports from neurologist, Dara Jamieson, M.D.; radiologist, William Zuconi, D.O.; and Soman Abraham, Ph.D. and filed his Rule 4(c) report, arguing that this case was not appropriate for compensation. Resp't Ex. A, C, E (ECF No. 83); Resp't Rept (ECF No. 84). After a Rule 5 Conference, petitioner filed supplemental expert reports from both Dr. Wantanabe and Dr. Willer, and respondent filed supplemental expert reports from Dr. Jamieson, Dr. Zucconi, and Dr. Abraham. Pet'r Ex. 100 (ECF No. 107); Pet'r Ex. 95 (ECF No. 110); Resp't Ex. G, H, I (ECF No. 113).

Petitioner filed the instant Motion for Attorneys' Fees and Costs on January 7, 2024, seeking $235,431.99 in attorneys' fees and costs. Int. Mot. Petitioner filed a supporting declaration, invoice of time records, and invoices for costs. Pet'r Ex. 153-1 – 153-10 (ECF No. 119). Respondent filed a response to petitioner's motion for interim fees and costs, noting that respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award…" Resp't Response to Int. Mot. at 2 (ECF No. 121). Petitioner filed a reply on January 19, 2024. Pet'r Reply to Response to Int. Mot. (ECF No. 122).

The matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### a.    Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The objective reasonable basis inquiry

turns on the "feasibility of the claim" at hand, rather than the likelihood of its success. *Id.* at *6. The evidentiary standard to satisfy a reasonable basis inquiry is "more than a mere scintilla but less than a preponderance of proof." *Cottingham v. Sec'y of Health and Human Servs.*, 971 F.3d 1337, 1345-45 (Fed. Cir. 2020). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner believes that the MMR vaccine caused his transverse myelitis and sequalae, thus the good faith requirement is satisfied.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support his petition in addition to four reports from two experts supporting the allegation of vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### b.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

### III.   Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that

only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b.  Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $193,295.97 in attorneys' fees for work done by his attorney Mr. Robert Krakow, and for paralegal work done by Mr. Krakow and his paralegal Ms. LeAnne Ducat. Int. Mot. At  9. Petitioner requests the following rates for the work of his counsel, Mr. Krakow: $484 per hour for work performed in 2020; $509 per hour for work performed in 2021; $525 per hour for work performed in 2022; and $553 per hour for work performed in 2023 *Id.* at 16. He also requests the following rates for paralegal work performed by Mr. Krakow and Ms. Ducat: $163 for work performed in 2020; $172 per hour for work performed in 2021; $177 per hour for work performed in 2022; and $186 per hour for work performed in 2023. *Id.* These rates are consistent with what Mr. Krakow and Ms. Ducat have previously been awarded for work in the Vaccine Program, and I find them to be reasonable for their work performed in the instant case.

### c.  Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce

hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Int. Mot. Ex. 153 Tab 2. Respondent has also not identified any particular entries as objectionable. Therefore, petitioner is entitled to $193,295.97 in attorneys' fees. *See* Resp't Resp. to Int. Mot.

### d. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $42,136.02 in costs. Int. Mot. at 24. Petitioner's costs include expert fees, acquisition of medical records, shipping, postage, and photocopies. *Id.* $39,629.50 of the requested costs are associated with the experts in this case. *Id.* $2,504.24 of the requested costs cover the acquisition of medical records, shipping, and postage, and the remaining $250.00 in costs are for photocopying. *Id.*

Petitioner's neurology expert, Justin Willer, MD, has authored two expert reports and conducted a neurological evaluation of petitioner in this case. Pet'r Ex. 59 (ECF No. 51); Pet'r Ex. 99 (ECF No. 106); Pet'r Ex. 100 (ECF No. 107). Dr. Willer charged a total of $27,829.50, representing 27.4 hours of work performed in 2021 billed at $500.00 per hour and 25.69 hours of work through May 2023 billed at $550.00 per hour. Int. Mot. Ex. 153 Tab 5 at 2, 6. These rates are consistent with prior awards for work performed by Dr. Willer in corresponding years, and, thus, are reasonable. *See, e.g.*, *Clapp v. Sec'y of Health & Human Servs.*, No. 19-1913V, 2023 WL 4045224, at *3 (Fed. Cl. Spec. Mstr. May 22, 2023). Petitioner's neuroradiology expert, Alyssa Wantanabe, MD authored two expert reports in this case, and charged a total of $9,800.00 for her work at $500 per hour, which is in line with what has previously been awarded in the Program. Pet'r Ex. 38 (ECF No. 44); Pet'r Ex. 95 (ECF No. 105). Finally, petitioner's treating neurologist, Kiril Kiprovski, MD, authored a narrative summary of his treatment of petitioner, and charged $2,000 for such work.

The reports from the experts were well-written and will be useful for determining the issues in the case. Given the complex nature of this case, the amount of expert fees is reasonable. Additionally, the other costs incurred by petitioner's counsel are typical costs in the Vaccine Program. Therefore, petitioner is entitled to recover the full amount of his requested costs in the amount of $42,136.02.

### IV.    Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum of $235,431.99 for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Robert Krakow.**

   In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

   **IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).